FAUCETT v. NICHOLS, appellant.

*Innkeepers — statutory construction — Laws* 1866, *chap.* 658.

The negligence intended in the words, "and occurred without the fault or negligence of such innkeeper," in Laws 1866, chapter 658, section 1, limiting the liabilities of innkeepers for loss by fire of the property of guests, is that
· which precedes, induces or facilitates the fire, and not negligence afterward.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The action was brought in Steuben county by Henry Faucett against Frederick S. Nichols to recover the value of a span of horses, buggy and other property destroyed by fire while in defendant's hotel barn. The defense was that the fire in question was the work of an incendiary, and occurred without the negligence of the innkeeper.

*Geo. B. Bradley,* for appellant. The negligence referred to in the statute has reference only to the loss or destruction following the act of setting the fire. *People* v. *Utica Ins. Co.,* 15 Johns. 358, 380 ; *Tonnele* v. *Hall,* 4 N. Y. 140, 144.

*W. B. Ruggles,* for respondent.

E. DARWIN SMITH, J.. While I think that the jury might not unreasonably have found that the fire which destroyed defendant's barn and the plaintiff's span of horses, buggy and harness was the work of an incendiary, I do not see any substantial ground upon which their verdict can be disturbed. The evidence offered and excluded scarcely tended, or any of it, to show that the fire was set by an incendiary. The offer to show an attempt to fire another building in the village the same night was a slight and an inconsequential circumstance. It would not have tended to prove that the defendant's barn was fired by an incendiary. Nor would the fact that the defendant had property burned and destroyed not insured have tended to prove such fact. This proof might have tended to establish the fact that the defendant was not privy or accessory to the burning of his building, if such charge had been made. The charge was correct on the question of negligence. The negligence intended

in the statute to limit the liability of innkeepers (Laws 1866, chap. 658, § 1), in the words used, "that such loss or destruction was the work of an incendiary and occurred without the fault or negligence of such innkeeper," is negligence which precedes, induces or facilitates the fire, not negligence afterward.

The case seems to have been very fairly tried and submitted to the jury, and I do not see in the case any error which would justify us in reversing the judgment.

The judgment must, therefore, be affirmed.

*Judgment affirmed.*